**Noel RODRIGUEZ, Plaintiff-Appellant,**

v.

**ISAAC, Counselor at Corcoran State Prison—SHU, Defendant-Appellee.**

**No. 16-15705**

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 25, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**468**

Noel Rodriguez, Pro Se

Neah Huynh, Deputy Attorney General, AGCA—Office of the California Attorney General, San Francisco, CA, Misha Igra, Esquire, Supervising Deputy Attorney General, AGCA-Office of the California Attorney General, Sacramento, CA, for Defendant-Appellee

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Noel Rodriguez, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Rodriguez's action because Rodriguez failed to allege facts sufficient to show that defendant caused the alleged constitutional deprivation. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (to violate the Eighth Amendment, a prison official must know of and disregard an excessive risk to inmate safety); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (in a § 1983 action, the plaintiff must demonstrate that the defendant's conduct caused the claimed injury by establishing both causation-in-fact and proximate causation).

We do not consider arguments and allegations raised for the first time on appeal.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.